UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGBARA MOUTALEBI,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 2:26-cv-01225-DC-DMC (HC)<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a native and citizen of Togo detained by Immigration and Customs Enforcement (ICE) since May 2025 without a bond hearing, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Although Petitioner was charged with entering the United States without admission (ECF No. 7, Ex. 1), Respondent argues that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). ECF No. 7 at 4-6.

The undersigned will recommend that the petition be granted and that Petitioner be released unless Respondent provides a bond hearing under 8 U.S.C. § 1226(a). See Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) ("aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"); see also Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

Based on the foregoing, the undersigned RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED; and

2. Respondent be ordered to release Petitioner within 7 days of this order, unless he is provided an individualized custody redetermination hearing before an immigration judge in accordance with 8 U.S.C. § 1226(a) and all agency regulations implementing § 1226(a). See

Rodriguez Vazquez, 2026 WL 2196424, at *5 ("A § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community.").

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 7 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 18, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE