UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGBARA MOUTALEBI,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 2:26-cv-01225-DC-ICD (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS</u><br><br>(Doc. No. 16) |

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On September 21, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 16.) On September 28, 2026, Petitioner filed a statement of non-objection to the findings and recommendations. (Doc. No. 17.) Respondent did not file objections.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Having reviewed the file, the undersigned finds that the record supports the recommendations that the petition be

granted and a bond hearing ordered for Petitioner, and will thus adopt those recommendations. However, the undersigned finds that this relief is proper for the reasons set forth in the undersigned's prior decisions in *M.M. v. Bondi* and *Nasar v. Warden*. *See M.M.,* No. 1:26-cv-00813-DC-AC, 2026 WL 604200 (E.D. Cal. Mar. 4, 2026) (granting temporary restraining order and ordering bond hearing before an immigration judge for petitioner who had not received any such hearing during approximately sixteen months of detention pursuant to § 1225(b)); *Nasar*, No. 2:26-cv-00433-DC-AC, 2026 WL 731160 (E.D. Cal. Mar. 16, 2026) (granting temporary restraining order and ordering a second bond hearing before an immigration judge for petitioner where nine months had elapsed since petitioner was detained pursuant to § 1225(b) and had received such a hearing). Therefore, the court will order that the petition for a writ of habeas corpus be granted on due process grounds and that Respondent provide Petitioner with a bond hearing.[1]

Accordingly, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations filed September 21, 2026 (Doc. No. 16) are ADOPTED;
2. The petition for a writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Within fourteen (14) days of the date of entry of this order, Respondent is ORDERED to provide Petitioner Agbara Moutalebi (A-226-164-878) with a bond hearing before an immigration judge at which the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is either a flight risk or risk to community safety such that Petitioner's continued immigration detention is justified;
    b. Respondent is ORDERED to provide Petitioner and his counsel with seven

[1] Because the court is granting the petition on procedural due process grounds, the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

(7) days' advance notice of the date and time of the scheduled bond hearing and allow Petitioner to have counsel present at the hearing should he so desire;

c. If Respondent fails to comply with the above, Petitioner shall be immediately released from Respondent's custody; and

d. Within seventeen (17) days of the date of entry of this order, Respondent is ORDERED to file a status report with this court certifying compliance with this order and attaching, as applicable, the immigration judge's order from the bond hearing;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 6, 2026**

Dena Coggins
United States District Judge